Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

*for the*

**Middle District of Florida**

**Tampa Division**

| | |
|---|---|
| Tia Miller,<br>Plaintiff,<br><br>v.<br><br>Private National Mortgage Acceptance Company, LLC,<br>Defendant. | Case No.: 8:26-cv-3164-WFJ-SPF<br><br>Jury Trial: [X] Yes [ ] No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

**A. The Plaintiff**

**Name:** Tia Miller
Street Address: 4209 E. Cayuga Street
City and County: Tampa, Hillsborough County
State and Zip Code: Florida 33610
**Telephone Number:** 513-307-4086
**E-mail Address:** tiasmiller@hotmail.com

**B. The Defendant**

**Defendant No. 1 - Name:** Private National Mortgage Acceptance Company, LLC
**Job or Title (if known):** Not applicable - limited liability company
Street Address: 3043 Townsgate Road, 3rd Floor
City and County: Westlake Village, Ventura County
State and Zip Code: California 91361
Telephone Number: (818) 224-7442
E-mail Address (if known): Not known

**C. Place of Employment**

**Name:** Pennymac - Tampa office
**Street Address:** 9009 Corporate Lake Drive
**City and County:** Tampa, Hillsborough County
**State and Zip Code:** Florida 33634
**Telephone Number:** (813) 498-0886

### II. Basis for Jurisdiction

[X] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
[ ] Age Discrimination in Employment Act of 1967.
[ ] Americans with Disabilities Act of 1990.

TPA# 153064 $405

[ ] Other federal law.
[ ] Relevant state law.
[ ] Relevant city or county law.

**III. Statement of Claim**

**A. The discriminatory conduct of which I complain includes:**

[X] Failure to hire me.
[X] Termination of my employment / temporary assignment.
[ ] Failure to promote me.
[ ] Failure to accommodate my disability.
[ ] Unequal terms and conditions of my employment.
[ ] Retaliation.
[X] Other acts: Failure to advance, interview, or select me for the Loan Officer / Loan Officer Associate opportunity.

**B. It is my best recollection that the alleged discriminatory acts occurred on:** October 13, 2025 through December 22, 2025, including events on November 25-26, December 3, and December 22, 2025.

**C. I believe that Defendant:** [ ] is still committing these acts against me. [X] is not still committing these acts against me.

**D. Defendant discriminated against me based on my:**

[X] race - Black
[ ] color
[X] gender/sex - Female
[ ] religion
[ ] national origin
[ ] age
[ ] disability or perceived disability
Explanation: I allege discrimination based on race, sex, and the intersection of race and sex as a Black woman.

**E. The facts of my case are as follows:** See attached Continuation Sheet to Section III.E.

## CONTINUATION SHEET TO SECTION III.E - FACTS OF MY CASE

*Tia Miller v. Private National Mortgage Acceptance Company, LLC*

**1.** I am a Black woman. I worked as a temporary Loan Processor at Pennymac's Tampa, Florida operation from August 18, 2025 through December 22, 2025 through a staffing arrangement involving Aerotek/TEKsystems.

**2.** Although the staffing agency was my employer of record, Pennymac managers directed and supervised my day-to-day work at Pennymac, addressed my performance and continued assignment, and exercised control over whether I would continue working at Pennymac.

**3.** I performed my Loan Processor duties above average. During a performance review with Pennymac Department Director Les Miller in October 2025, he told me directly that I was the "best that the Tampa site had to offer."

**4.** I sought advancement into a Loan Officer position at Pennymac. I applied for a Loan Officer on October 13, 2025 and was not selected. I applied for another Loan Officer opportunity on November 23, 2025.

**5.** On November 25, 2025, Pennymac recruiter John Slater called me and discussed the Loan Officer / Loan Officer Associate position. He said it started in January 2026 and he was sending me testing for the position. He told me that the process was moving forward and that Tampa Human Resources personnel would interview me. He also said if I encountered Tampa HR personnel, I should introduce myself and let them know that I was waiting for an interview.

**6.** On November 26, 2025, I completed the employment assessment requested in connection with the position. The assessment described me as "Very Goal-Oriented," "Very Conscientious," "Very Motivated," and "Very Competitive." After completing the assessment, I personally observed my candidate portal status as "Awaiting Interview."

**7.** The anticipated Tampa HR interview never occurred. I was not told at the time who decided not to advance me to the interview, when that decision was made, or why I was not interviewed or selected.

**8.** On December 3, 2025, while the Loan Officer process remained unresolved, Pennymac offered me a full-time permanent Loan Processor position. I had not applied for that permanent Loan Processor position. I did not immediately accept because I was waiting for the Loan Officer process that I had actually pursued to be resolved.

**9.** During December 2025, Pennymac managers Taylor Beattie and Gerald Davis separately pressured me into signing the permanent Loan Processor offer. I told them I intended to sign. Neither communicated a specific acceptance deadline or told me that my temporary assignment would be terminated on December 22 if I had not signed by then.

**10.** On December 22, 2025, Pennymac Vice President Juanita Aguilera met with me, with Gerald Davis present, about the unsigned permanent offer for the lower position. She also pressured me to sign. I asked for additional time through the end of December. Aguilera refused and told me that the decision was not coming from her but was coming from "high, high ups." She told me that I "can not stay a temporary worker forever."

**11.** I explained that I was not trying to remain temporary indefinitely and again requested time through the end of the month. My request was denied. I was not told during that meeting that December 22 was a previously established acceptance deadline or that my assignment would be terminated that day if I did not immediately accept the lower permanent position.

**12.** I returned to my workstation and continued working until the end of my workday. At approximately 6:00 p.m. on December 22, 2025, my TEKsystems representative, Matilda Rosa, called and informed me that Pennymac had ended my assignment. When I asked why, Rosa told me that Pennymac said that because I had not signed the permanent offer, Pennymac felt I was not serious about working for the company.

**13.** At 6:15 p.m. that evening, I called recruiter John Slater and told him Pennymac had ended my assignment. Slater told me that I could reapply and that another Loan Officer Associate program was going to be in March 2026. I told him I understood from information previously given to me by Juanita Aguilera that a Pennymac termination could prevent rehire for one year.

**14.** During my time at Pennymac, I personally encountered Black men working as Loan Officers and white women working as Loan Officers, while observing comparatively few Black women in Loan Officer positions.

**15.** I believe my race, my sex, and the intersection of race and sex as a Black woman were motivating factors in Pennymac's failure to advance, interview, or select me for the Loan Officer / Loan Officer Associate opportunity and in the related employment decisions described above.

## CLAIMS

**Claim 1 - Race Discrimination under Title VII.** I allege that my race, including in conjunction with my sex as a Black woman, was a motivating factor in Defendant's failure to advance, interview, or select me for the Loan Officer / Loan Officer Associate opportunity and in the related employment decisions described above.

**Claim 2 - Sex Discrimination under Title VII.** I allege that my sex, including in conjunction with my race as a Black woman, was a motivating factor in Defendant's failure to advance, interview, or select me for the Loan Officer / Loan Officer Associate opportunity and in the related employment decisions described above.

## IV. Exhaustion of Federal Administrative Remedies

**A. I filed a charge with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct on:** July 22, 2026. EEOC Charge No. 511-2026-01396.

**B. The Equal Employment Opportunity Commission:** [ ] has not issued a Notice of Right to Sue letter. [X] issued a Notice of Right to Sue letter, which I received on August 10, 2026.

**C. Age discrimination question:** Not applicable; I am not asserting an age-discrimination claim.

## V. Relief

I ask the Court to award all relief authorized by Title VII that is supported by the evidence, including back pay and other lost compensation and employment benefits; appropriate equitable relief, including front pay if appropriate; compensatory damages for emotional distress and other nonpecuniary losses; punitive damages if the factual and legal requirements are established; recoverable costs; pre-judgment and post-judgment interest where authorized; and any other legal or equitable relief the Court finds appropriate. I cannot presently state a precise amount of actual or punitive damages because the amount depends on records, mitigation evidence, the duration of losses, and facts obtainable through discovery. I seek amounts to be proven at trial and subject to applicable statutory limits. I demand a jury trial on all issues triable by a jury.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint is not being presented for an improper purpose; is supported by existing law or a nonfrivolous argument for changing existing law; that the factual contentions have evidentiary support or, where specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and that the complaint otherwise complies with Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

**Date of signing:** October 19, 2026
**Signature of Plaintiff:** Tia Miller
**Printed Name of Plaintiff:** Tia Miller